IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

TIMOTHY R. WITTMEYER,               )
                                    )
                Petitioner,         )
                                    )
v.                                  )     Case No. CIV-04-1401-F
                                    )
LENORA JORDAN and THE               )
ATTORNEY GENERAL OF THE             )
STATE OF OKLAHOMA,                  )
                                    )
                Respondents.        )

## REPORT AND RECOMMENDATION

The Petitioner, Mr. Timothy R. Wittmeyer, is a state inmate who seeks a writ of habeas corpus. Respondent Lenora Jordan[1] has moved to dismiss the petition on grounds involving nonexhaustion and procedural default. The motion should be granted on the latter grounds.

## Background

Pursuant to a guilty plea, Mr. Wittmeyer was convicted and sentenced in state court on a charge involving possession of a firearm following a felony conviction. Transcript of Judgment & Sentence at pp. 2, 8, *State of Oklahoma v. Wittmeyer*, Case No. CF-02-231 (Custer Co. Dist. Ct. Apr. 7, 2003). The Petitioner did not attempt to withdraw his guilty

---

[1]     The Court ordered the Oklahoma Attorney General to respond on behalf of both himself and Ms. Lenora Jordan. Order for Response by Oklahoma Attorney General to Petition for Writ of Habeas Corpus at p. 1 (Oct. 28, 2004). However, the dispositive motion was filed solely on behalf of Ms. Jordan.

plea, but he did file an application for post-conviction relief. Application for Post-Conviction Relief, *Wittmeyer v. State of Oklahoma*, Case No. CF-02-231 (Custer Co. Dist. Ct. undated). The state district court denied post-conviction relief,[2] and the state appellate court affirmed.[3] In the present action, Mr. Wittmeyer asserts multiple claims involving ineffective assistance of trial counsel.

## Exhaustion of State Court Remedies

Ms. Jordan argues that Mr. Wittmeyer has not exhausted available state court remedies. But the federal district court should reject this argument because a return to state court would be procedurally barred.

The Petitioner did not seek to withdraw his guilty plea or file a *certiorari* appeal. *See supra* pp. 1-2. Instead, Mr. Wittmeyer sought post-conviction relief,[4] and the Oklahoma Court of Criminal Appeals ("OCCA") rejected the claims because they had not be raised earlier.[5]

Federal law generally requires exhaustion of state judicial remedies. *See* 28 U.S.C. § 2254(b)(1). But exhaustion is unnecessary when the state court would decline to reach the

---

[2]     Post-Conviction Findings at pp. 1-2, *Wittmeyer v. State of Oklahoma*, Case No. CF-02-231 (Custer Co. Dist. Ct. Apr. 26, 2004).

[3]     Order Affirming Denial of Application for Post-Conviction Relief, *Wittmeyer v. State of Oklahoma*, Case No. PC-2004-495 (Okla. Crim. App. June 10, 2004).

[4]     *See supra* pp. 1-2.

[5]     Order Affirming Denial of Application for Post-Conviction Relief at p. 2, *Wittmeyer v. State of Oklahoma*, Case No. PC-2004-495 (Okla. Crim. App. June 10, 2004); *see supra* p. 2.

merits because of a procedural bar.  *See Harris v. Reed*, 489 U.S. 255, 263 n.9 (1989) ("Of course, a federal habeas court need not require that a federal claim be presented to a state court if it is clear that the state court would hold the claim procedurally barred.").

In the post-conviction appeal, the OCCA concluded that Mr. Wittmeyer "ha[d] not raised any issue that could not have been asserted either prior to the entry of his guilty plea or in direct appeal proceedings," and "[a]ll issues that could have and should have been previously raised [were] waived, and [could] not be the basis of an application for post-conviction relief."  Order Affirming Denial of Application for Post-Conviction Relief at p. 2, *Wittmeyer v. State of Oklahoma*, Case No. PC-2004-495 (Okla. Crim. App. June 10, 2004); *see supra* p. 2.  The OCCA acknowledged that Mr. Wittmeyer had "allude[d] to an argument" that he had been talked out of an appeal by counsel.  Order Affirming Denial of Application for Post-Conviction Relief at p. 2, *Wittmeyer v. State of Oklahoma*, Case No. PC-2004-495 (Okla. Crim. App. June 10, 2004).  But the appellate court pointed out that the Petitioner had not raised this issue in the state district court.  *Id.*  Thus, the OCCA concluded that Mr. Wittmeyer had not established the denial of an appeal through no fault of his own. *Id.*[6]

If the Petitioner were to request leave for an appeal out of time, the state courts would rely on the OCCA's previous determination and treat the claims as procedurally barred.  *See Smith v. State of Oklahoma*, 546 P.2d 1351, 1354 (Okla. Crim. App. 1976) ("It is clear  . . .

---

[6]     Oklahoma law authorizes appeals out of time when the claimant was not responsible for the delay.  *See* Rule 2.1(E)(1), Rules of the Oklahoma Court of Criminal Appeals; *Banks v. State of Oklahoma*, 953 P.2d 344, 346 (Okla. Crim. App. 1998).

that all issues known to a Petitioner must be raised in the first application for post conviction relief in the trial court, or they will be deemed to have been waived . . . .").  Under these circumstances, the Court should reject Ms. Jordan's exhaustion defense.

### **Procedural Default**

Anticipating the foregoing conclusion, Respondent Jordan alternatively argues that Mr. Wittmeyer's habeas claims are subject to procedural default in this Court.  The undersigned agrees.

Habeas relief is ordinarily prohibited if the same claim was procedurally barred in state court on independent and adequate state procedural grounds.  *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991).[7]  An exception is triggered if the petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law. . . ."  *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).[8]

The OCCA treated Mr. Wittmeyer's claims as waived based on the lack of a direct appeal.  *See supra* p. 2.  This waiver serves as an independent and adequate state procedural

---

[7]     "A state procedural ground is independent if it relies on state law, rather than federal law, as the basis for the decision." *English v. Cody*, 146 F.3d 1257, 1259 (10th Cir. 1998).  For the state ground to be adequate, it must be "strictly or regularly followed" and "applied evenhandedly to all similar claims."  *Duvall v. Reynolds*, 139 F.3d 768, 797 (10th Cir. 1998) (citations omitted).

[8]     Another exception exists when avoidance of the merits would create a fundamental miscarriage of justice.  *See Demarest v. Price*, 130 F.3d 922, 941 (10th Cir. 1997).  To invoke this exception, Mr. Wittmeyer must "supplement[] his constitutional claim with a colorable showing of factual innocence."  *Brecheen v. Reynolds*, 41 F.3d 1343, 1357 ( 10th Cir. 1994) (citations omitted). The Petitioner does not rely on this exception, admitting that he "[o]bviously" was in possession of a gun and that he had "pled guilty to that crime."  Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody at p. 12 (Oct. 22, 2004).

ground barring federal habeas review.  *See*, *e.g.*, *Dennis v. Poppel*, 222 F.3d 1245, 1250 (10th Cir. 2000) ("Oklahoma law denying post-conviction relief on defaulted claims that could have been raised [in prior proceedings] provides an independent and adequate state ground permitting us to refuse to review such claims." (citation omitted)).  As a result, the procedural default doctrine prevents review of the habeas claims in the absence of cause and prejudice.  *See supra* note 8.

Mr. Wittmeyer alleges that his trial counsel had misled him into waiving an appeal. If counsel had been ineffective, his actions could supply cause for the procedural default. *See Coleman v. Thompson*, 501 U.S. 722, 754 (1991); *Banks v. Reynolds*, 54 F.3d 1508, 1514 (10th Cir. 1995).  But, as the OCCA noted, Mr. Wittmeyer had waited until his post-conviction appeal to allege that counsel was responsible for the absence of a direct appeal. Thus, the OCCA concluded that Mr. Wittmeyer had not properly preserved this theory.  *See supra* p. 3.

In these circumstances, Mr. Wittmeyer's present claims are cognizable in habeas proceedings only if he can establish "cause" for the failure to argue in the state post-conviction application that his attorney was responsible for the waiver.  *See Edwards v. Carpenter*, 529 U.S. 446, 450-51 (2000) (holding that "a procedurally defaulted ineffective-assistance-of-counsel claim can serve as cause to excuse the procedural default of another habeas claim only if the petitioner can satisfy the 'cause and prejudice' standard with respect

to the ineffective-assistance claim itself"). But the Petitioner does not allege "cause" for the default on this theory.[9]

A similar situation arose in *Spears v. Mullin*, 343 F.3d 1215 (10th Cir. 2003), *cert. denied*, 541 U.S. 909 (2004). There a state prisoner sought habeas relief based in part on ineffective assistance of trial and appellate counsel. *See Spears v. Mullin*, 343 F.3d at 1248-56. But the prisoner neglected to assert ineffective assistance of appellate counsel until his second post-conviction application, and the OCCA considered this claim procedurally defaulted. *See id*. at 1256. From this default, the Tenth Circuit Court of Appeals concluded that the appellate attorney's purported deficiencies could not supply "cause" for a procedural bar on the claims involving ineffective assistance of trial counsel. *Id*. (citing *Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000)); *see also Johnson v. Gibson*, 254 F.3d 1155, 1159-60 (10th Cir. 2001) (because a claim of ineffective assistance would be procedurally barred, it cannot provide cause for the habeas petitioner's default on a separate theory).

Under *Spears v. Mullin*, all of Mr. Wittmeyer's present claims are subject to procedural default. Like the petitioner in *Spears*, Mr. Wittmeyer's post-conviction application did not contain the theory of ineffective assistance that allegedly constituted "cause" for the procedural default. *See supra* p. 5. Mr. Wittmeyer did attempt to insert the

---

[9]     Because Mr. Wittmeyer is not entitled to legal representation in post-conviction proceedings, he cannot establish "cause" through a theory of ineffective assistance of this stage. *See Smallwood v. Gibson*, 191 F.3d 1257, 1269 (10th Cir. 1999) ("Although attorney error amounting to constitutionally ineffective assistance of counsel constitutes 'cause' for a procedural default, petitioner cannot make such a showing here because there is no constitutional right to post-conviction counsel." (citations omitted)).

theory in his post-conviction appeal, but the OCCA rejected the effort and deemed the additional claim procedurally defaulted. *See supra* p. 5. The result is an inability to pursue any of Mr. Wittmeyer's present claims.

The OCCA concluded that all of the present claims had been waived, and this conclusion constituted an "independent" and "adequate" state ground for decision. The Petitioner blames his attorney for the procedural default, alleging that he was responsible for the absence of a direct appeal. But this allegation was itself waived through omission in Mr. Wittmeyer's post-conviction application. Mr. Wittmeyer cannot and does not blame this omission on others. As a result, the Petitioner cannot treat his attorney's alleged ineffectiveness as "cause" for the failure to follow state procedural requirements. In these circumstances, the Court should grant the motion to dismiss on grounds of procedural default.

## <u>Notice of Right to Object</u>

The parties may seek review by filing an objection with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1). The deadline for objections is June 7, 2005. *See* W.D. Okla. LCvR 72.1(a). The failure to timely object would foreclose appellate review of the suggested ruling. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

**<u>Status of the Referral</u>**

The referral to the undersigned is terminated.

Entered this 18th day of May, 2005.


Robert E. Bacharach
United States Magistrate Judge